959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Lee SAMMONS, Plaintiff-Appellant,
v.
James R. READ, Defendant-Appellee.
 No. 91-6428.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Lee Sammons, a pro se federal prisoner, appeals the district court's summary judgment for the defendant in his civil complaint filed under 28 U.S.C. §§ 1331, 1332; 42 U.S.C. § 1985(3); and 18 U.S.C. § 1964(c). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Sammons sued his former roommate at the Memphis Federal Correctional Institution for various state tort and federal claims arising out of a disputed gambling debt. Sammons alleged that Read lost almost $7,800 to him playing backgammon, but did not pay the debt as promised. He further alleged that, because of the debt, Read was responsible in February 1989 for circulating oral and written statements which falsely accused Sammons of organizing a prison work strike, violating institutional rules and regulations, and being a government informant. Sammons was consequently placed in solitary confinement for several days while prison officials investigated the accusations. After Sammons's release to a room next door to Read's, Read allegedly was responsible for setting fire to Sammons's room, resulting in Sammons's return to protective confinement where he remained until his transfer to another institution in April 1989.
 
 
 3
 On December 6, 1989, Read submitted a motion for summary judgment, supported by affidavits and documentary evidence. Sammons did not respond. Read's affidavit specifically denied responsibility for the three primary acts that were the subject of the complaint. The district court granted Read's motion for summary judgment on March 21, 1990, and noted that Sammons had failed to respond to the motion, relying solely on the conclusory allegations set forth in his complaint. In granting Read's motion, the court found that Sammons had failed to set forth specific facts showing a genuine issue for trial. The district court's judgment was reversed and remanded by order of this court filed February 4, 1991. See Sammons v. Read, 924 F.2d 1059 (6th Cir.1991) (unpublished).
 
 
 4
 On remand, and following a July 15, 1991, deadline for additional discovery, the district court reconsidered Read's original motion for summary judgment. Thereafter, the district court granted Read's motion for summary judgment on September 30, 1991, with judgment entered October 7, 1991. This appeal followed.
 
 
 5
 Upon review, we affirm the district court's judgment. Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment...." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party opposing a summary judgment motion has the burden of producing proof to support its legal claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 6
 The problem in this case is that Sammons failed to understand the requirements for defeating a motion for summary judgment. Sammons failed to provide any evidence to refute Read's affidavit specifically denying that Read had any responsibility for the three primary acts which were the subject of the complaint. Lacking proper supporting documentation, the conclusory allegations of Sammons's complaint, although sworn to, cannot withstand summary judgment. Consequently, the district court properly granted Read's motion for summary judgment.
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.